## Charles L. JONES

### v.

### COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 25, 1998.

Decided Jan. 29, 1999.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

No appearance entered for appellee.

Before FRIEDMAN, J., KELLEY, J., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (DOT) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) sustaining the statutory appeal of Charles L. Jones (Jones) from a three-month vehicle registration suspension imposed by DOT under section 1786 of the Vehicle Code, 75 Pa.C.S. §1786.[1] We reverse.

By official notice dated November 4, 1997, DOT informed Jones that, pursuant to section 1786 of the Vehicle Code, the vehicle registration on Jones' Ford sedan would be

---

1. Section 1786(d) of the Vehicle Code, 75 Pa.C.S. §1786(d), states that DOT shall suspend the registration of a vehicle for a period of three months if it determines that the required financial responsibility was not secured as required by Chapter 17 of the Vehicle Code. However, subsection (d) does not apply where the lapse in financial responsibility coverage was for a period of less than 31 days and the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility. 75 Pa.C.S. §1786(d)(1).

Moreover, DOT cannot penalize a person for a lapse in financial responsibility coverage under subsection (d) if, at the time of the lapse, the person voluntarily surrenders the registration plate and card to DOT, to a full DOT agent or to a decentralized service agent appointed by DOT. 75 Pa.C.S. §1786(g)(2). If the person surrenders the plate and card to a DOT agent, the DOT agent is required to issue a receipt for the plate and card and send the plate and card with a copy of the receipt to DOT. 75 Pa.C.S. §1786(g)(2).

suspended for three months, effective December 9, 1997, because the insurance policy on that vehicle had been terminated. Indeed, Mountain Laurel Assurance Company had notified DOT that Jones' insurance policy was terminated on August 25, 1997 for non-payment of premiums. Jones filed a timely statutory appeal, and the trial court held a hearing on February 5, 1998.

At the hearing, Jones admitted that his automobile insurance had lapsed from August 25, 1997 until November 26, 1997, a period of ninety-three days. However, Jones stated that he did not operate the vehicle during that period of time. He further testified that he was unaware that, to avoid a penalty for a ninety-three-day lapse in insurance coverage, he had to surrender the vehicle registration plate to DOT under section 1786(g) of the Vehicle Code.[2] The trial court accepted Jones' testimony that he did not operate the vehicle during the lapse in insurance coverage and sustained Jones' appeal because Jones' failure to surrender his registration plate to DOT "was of no consequence to [DOT] under the circumstances." (Trial court op. at 1; R.R. at 12a–13a.)

■ The sole issue before this court is whether the trial court erred as a matter of law in sustaining Jones' statutory appeal under the provisions of section 1786 of the Vehicle Code.[3] DOT contends that the trial court improperly ignored the fact that Jones' insurance coverage had lapsed for a period of ninety-three days. We agree.

Section 1786(d) of the Vehicle Code states that DOT *shall* suspend the registration of a vehicle for a period of three months if it determines that the required financial responsibility was not secured. 75 Pa.C.S. §1786(d). However, this subsection does not apply where: (1) the owner of the vehicle does not operate or permit the operation of the vehicle during the period of lapse in financial responsibility; *and* (2) the lapse in financial responsibility was for a period of less than thirty-one days. 75 Pa.C.S. §1786(d)(1).

■ DOT acknowledges that Jones did not operate or permit the operation of his Ford sedan during the lapse in his insurance coverage. However, DOT properly points out that the lapse in financial responsibility in this case was from August 25, 1997 until November 26, 1997, a period of *ninety-three days*. (R.R. at 12a.) Because ninety-three days is *not* less than the thirty-one days set forth in section 1786(d)(1) of the Vehicle Code, Jones cannot avoid the suspension imposed by DOT under that section.

Accordingly, we reverse.

### ORDER

AND NOW, this 29th day of January, 1999, the order of the Court of Common Pleas of Allegheny County, dated February 5, 1998, is reversed.

Dissenting Opinion by Judge KELLEY.

KELLEY, Judge, dissenting. ·

I respectfully dissent.

Section 1786(a) of the Vehicle Code provides that every motor vehicle "required to be registered under this title which is *operated* or currently registered shall be covered by financial responsibility." (Emphasis added.) The purpose is to ensure that all vehicles operated on the highways within this Commonwealth are covered by some acceptable form of financial responsibility in order to protect the general public from loss by injury or death caused by uninsured vehicles.

---

2. Jones testified that he parked his vehicle at the office of a notary. (R.R. at 13a–15a.) As noted above, DOT cannot penalize a person for a lapse in insurance coverage under subsection (d) if: (1) the person voluntarily surrendered the registration plate and card to a DOT agent; (2) the DOT agent issued a receipt; and (3) the DOT agent sent the plate, card and a copy of the receipt to DOT. 75 Pa.C.S. §1786(g)(2). Here, however, there is no evidence that the notary was an agent of DOT, that the notary issued Jones a receipt for the plate and card or that the notary sent the plate and card with a copy of the receipt to DOT.

3. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court made an error of law or committed an abuse of discretion. *Pray v. Department of Transportation, Bureau of Motor Vehicles,* 708 A.2d 1315 (Pa.Cmwlth.1998).

This purpose can be achieved in one of two ways: either by the maintenance of the requisite insurance on a motor vehicle or by the non-operation of an uninsured vehicle. *See* sections 1786(d)(1) and 1786(f) of the Vehicle Code.

In the case before us, it is conclusive that the vehicle in question was not operated during the lapse of insurance coverage. Thus, the spirit of the law has been satisfied. Furthermore, DOT's failure to advise Jones about the procedural steps that must be taken in order to avoid suspension of his registration until it was simply too late clashes with the law's objectives.[1]

DOT's pursuit of this matter constitutes an unreasonable and oppressive enforcement of the Vehicle Code. Therefore, I believe the order of the trial court sustaining Jones' appeal should be affirmed.

---

1. DOT did not advise Jones of the necessity to acquire other insurance within 31 days from the date of lapse or the need to return to DOT his current registration plate and card until November 4, 1997, some 71 days after the date of lapse.