**Angela L. JONES**

v.

**COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 14, 2001.

Decided Feb. 12, 2002.

Marc A. Werlinsky and Timothy P. Wile, Asst. Counsel In-Charge, King of Prussia, for appellant.

No appearance entered on behalf of appellee.

Before DOYLE, Senior Judge,[1] McGINLEY, Judge and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

The Department of Transportation, Bureau of Motor Vehicles (DOT) appeals from a determination of the Court of Common Pleas of Allegheny County (trial court), sustaining the statutory appeal of Angela L. Jones (Registrant), from the three-month suspension of her vehicle registration. We reverse.

In December of 2000, DOT received an electronic transmission from the New Hampshire Indemnity Company (Insurance Company), notifying DOT that the insurance coverage for Registrant's Plymouth sedan was terminated on August 27, 2000, for Registrant's failure to pay the policy premium. (R.R. at 15a). By letter dated December 12, 2000, DOT notified Registrant that:

> You were recently requested by the Bureau of Motor Vehicles to provide proof of financial responsibility (insurance) covering the operation of the following vehicle: MAKE: PLYMOUTH, BODY TYPE: SEDAN, VIN NO: 1P3EJ46X6XN521302, TITLE: 52462874, TAG NO: BNW9539. This information was requested as a result of

this Bureau being notified by NEW HAMPSHIRE INDEMNITY COMPANY that the insurance policy covering the vehicle was terminated on 08/27/00. Either no response was received or the information you provided indicated a lapse of coverage which was not permitted under Section 1786 of the Vehicle Code.[2]

> As a result, the vehicle registration privilege will be suspended for three months effective 01/17/01 at 12:01 A.M. as authorized by Section 1786(D) of the Vehicle Code. This is a final order of suspension.

(R.R. at 5a).

Registrant filed a statutory appeal of her suspension with the trial court. On February 15, 2001, the trial court held a hearing *de novo*, at which DOT introduced into evidence a packet of documents, duly certified and under seal, that included the notice of suspension from DOT and the electronic transmission from the Insurance Company. (R.R. at 7a–8a). Thereafter, DOT rested.

In opposition, Registrant testified as follows:

> I made my last payment August fifth for $153 dollars because my premium was $152 dollars and some change. The insurance company didn't register my payment, and I called them numerous times because I was receiving bills for different payments. August fifth was my last payment, and that's the minimum they required me to pay. I never got a termination letter from AIG saying my pre-

1. This case was assigned to the opinion writer prior to the date when President Judge Doyle assumed the status of senior judge on January 1, 2002.

2. Section 1786(d) of the Vehicle Code, 75 Pa.C.S. § 1786(d), provides:

    (d) **Suspension of registration and operating privilege.**-The Department of Transportation shall suspend the registration of a

vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.

mium was cancelled, so for numerous months I was calling them to ask what they were going on because I didn't give them approval to rewrite my premium. I have insurance now and when I got the registration cancellation I called my insurance company asking why I was being terminated, and they said in their computers they rewrote my premium, and they were trying to figure out how I was getting numerous bills. They were confusing me.

(R.R. at 8a).

On cross-examination, Registrant testified that she replaced the terminated insurance policy with one from Nationwide Insurance Company (Nationwide), which became effective on November 13, 2000. DOT's counsel noted that Registrant was without financial responsibility for her vehicle for a period of 98 days. Furthermore, Registrant admitted that she operated the vehicle during the period that it was uninsured. (R.R. at 8a–10a).

Following the hearing, the trial court entered an order sustaining Registrant's appeal. The trial court's opinion provides as follows:

> This court found the Defendant's testimony to be credible and we empathize with her situation. Clearly, she did as she was required in making a prompt payment to maintain the policy and she had no part in the carrier's failure to record the payment. The cancellation was entirely due to the carrier's lack of diligence and the resultant suspension

was, therefore, unwarranted and misapplied; the appeal was rightly sustained. (R.R. at 22a).

■ On appeal to this Court,[3] DOT argues that the trial court erred by sustaining Registrant's appeal since the Registrant failed to present a cognizable defense pursuant to Section 1786 of the Vehicle Code. We agree.[4]

■ Initially, we note that in order to sustain a suspension of a registrant's vehicle registration, DOT bears the burden of proving: 1) that the vehicle in question is of a type required to be registered in the Commonwealth; and 2) that the required automobile liability insurance has been cancelled or otherwise terminated. *Pray v. Department of Transportation, Bureau of Motor Vehicles,* 708 A.2d 1315 (Pa. Cmwlth.1998). Once DOT has established its *prima facie* case, the burden shifts to the registrant who must prove that he or she meets one of the exceptions enumerated in the Section 1786 of the Vehicle Code. *Id.* Those exceptions require the registrant to prove: 1) that the lapse in insurance coverage was for a period of less than thirty-one days and that the vehicle was not driven during the lapse period (75 Pa.C.S. § 1876(d)(1)); 2) that the financial responsibility coverage lapsed while the registrant was on active military duty, the vehicle was not operated during the lapsed period and new insurance was obtained within thirty days after the registrant's return from duty (75 Pa.C.S. § 1786(d)(2)); 3) that the insurance coverage terminated simultaneously or after the expiration of a seasonal registration (75 Pa.C.S.

---

**3.** Our scope of review of a trial court's decision sustaining a motorist's appeal from the suspension of vehicle registration for failure to insure is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court made an error of law or abused its

discretion. *Jones v. Department of Transportation, Bureau of Motor Vehicles,* 723 A.2d 1090 (Pa.Cmwlth.1999).

**4.** We note that this Court precluded Registrant from filing a brief by order dated December 5, 2001.

§ 1786(d)(3)); or 4) that the registrant surrendered the vehicle's license plate to DOT or an authorized agent (75 Pa.C.S. § 1786(g)(2)).

■ Having reviewed the evidence in its entirety, we conclude that DOT satisfied its burden or proving that Registrant's vehicle was required to be registered in the Commonwealth and that Registrant's required insurance coverage on the vehicle was terminated. Here, DOT introduced into evidence an electronic transmission from the insurance company confirming that Registrant's insurance coverage was terminated on August 27, 2000, due to the insurance company's failure to receive payment on Registrant's policy premium by the date due. (R.R. at 7a). Additionally, DOT introduced a notice of suspension that included information describing Registrant's vehicle which was sufficient to establish that Registrant's vehicle was required to be registered in the Commonwealth. Thus, the burden shifted to registrant to prove that she met one of the exceptions enumerated in the Vehicle Code.

Based on our review of the record, we conclude that Registrant failed to prove that she met any of the exceptions which would warrant the reinstatement of her vehicle registration. Registrant admitted that she operated the vehicle during the period that it was uninsured. (R.R. at 10a). Therefore, Registrant could not meet either of the exceptions outlined in

Sections 1786(d)(1) or 1786(d)(2) of the Vehicle Code. Additionally, there is no evidence of record to establish that Registrant maintained seasonal registration on the vehicle or that she surrendered the vehicle's license plate to DOT. *See* 75 Pa. C.S. § 1786(d)(3), 75 Pa.C.S. § 1786(g)(2). Thus, as the evidence of record reflects that Registrant did not meet her burden of proof, we conclude that the trial court erred in sustaining the suspension of her vehicle registration.[5]

Accordingly, the trial court's order is hereby reversed.

**ORDER**

AND NOW, this 12th day of February, 2002, the order of the Court of Common Pleas of Allegheny County is hereby reversed. The three-month suspension of Angela L. Jones's vehicle registration, imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles, is reinstated.

---

**5.** Although we empathize with Registrant's situation and the frustration associated with communicating with insurance companies, we emphasize that the law on this issue is clear and the stress that Registrant failed to satisfy her burden under the law. Moreover, we note that the reason for a lapse in insurance coverage is not a relevant inquiry in a statutory registration appeal. *See O'Hara v. Department of Transportation, Bureau of Motor Vehicles,* 691 A.2d 1001 (Pa.Cmwlth.1997), *affirmed per curiam,* 552 Pa. 204, 714 A.2d

393 (1998). Registrant's exclusive remedy was to challenge the insurance cancellation pursuant to The Insurance Department Act of 1921, Act of May 17, 1921, P.L. 789, *as amended,* 40 P.S. §§ 1–324.13. If Registrant had pursued this option and been successful, DOT would have been precluded from suspending her vehicle registration. However, since Registrant failed to follow this alternative, she has waived any possible remedy under that Act.