IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony N. Nwadike                          :
                                            :
            v.                              :
                                            :
Commonwealth of Pennsylvania,               :
Department of Transportation,               :
Bureau of Motor Vehicles,                   :   No. 796 C.D. 2020
                    Appellant               :   Submitted: July 9, 2021


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: August 23, 2021


            The Commonwealth of Pennsylvania, Department of Transportation
(Department), Bureau of Driver Licensing (Bureau), appeals from the July 9, 2020
order of the Court of Common Pleas of Allegheny County (trial court) sustaining the
statutory appeal of Anthony N. Nwadike (Nwadike) from the Bureau's imposition
of a three-month suspension of the registration pursuant to Section 1786(d) of the
Motor Vehicle Financial Responsibility Law (Vehicle Code), 75 Pa.C.S. § 1786(d),
on Nwadike's vehicle, the insurance for which had lapsed for a period during the
COVID-19 pandemic. Upon review, we reverse.

            The basic facts underlying the instant matter are not in dispute.
Permanent General Assurance Company of Ohio (Permanent General) cancelled a
policy of insurance for Nwadike's 2011 Honda station wagon (Vehicle) on March

23, 2020, and reported the termination of coverage to the Bureau. *See* Reproduced Record (R.R.) at 18a-19a. In correspondence dated March 25, 2020, the Bureau informed Nwadike that it had received notification of Permanent General's termination of coverage and requested that Nwadike supply updated information regarding the status of insurance coverage for the Vehicle. *See* R.R. at 18a-19a. Thereafter, by notice mailed May 11, 2020, the Bureau advised Nwadike that, as a consequence of his failing to supply insurance information, the Vehicle's registration would be suspended for a period of three months, effective June 15, 2020, pursuant to Section 1786(a) of the Vehicle Code, 75 Pa.C.S. § 1786(d). *See* R.R. at 4a-5a.

Nwadike filed a statutory appeal of the suspension on May 19, 2020. *See* R.R. at 2a-3a. The trial court conducted a hearing on Nwadike's appeal on July 9, 2020. *See* Notes of Testimony, July 9, 2020 (N.T.), R.R. at 8a-20a. At the hearing, Nwadike admitted that the Vehicle was uninsured for 68 days from March 23, 2020, through May 30, 2020, but explained that he did not drive the Vehicle during that time period as a result of his work having been temporarily shut down in response to the stay-at-home order issued by Pennsylvania's Governor on March 19, 2020, at the beginning of the ongoing COVID-19 global pandemic. *See* N.T. at 2-3, R.R. at 9a-10a. The Bureau argued that Nwadike's testimony and the documentation presented[1] proved that the Vehicle had been uninsured for more than 31 days, requiring that the Bureau suspend the Vehicle's registration. *See* N.T. at 4, R.R. at 11a.

---

[1] The trial court reviewed an insurance card from Nwadike's new insurance policy for the Vehicle, which had an effective date of May 30, 2020. *See* N.T. at 4, R.R. at 11a.

2

The trial court sustained Nwadike's appeal, noting that, although the Vehicle was uninsured more than 31 days, "we are also living through a pandemic." *See* N.T. at 4, R.R. at 11a. The Bureau appealed.

On appeal,[2] the Bureau argues that the trial court erred in sustaining Nwadike's appeal on the basis of the COVID-19 pandemic. The Bureau argues that the trial court created a new exception to the Vehicle Code's requirement that drivers maintain current motor vehicle insurance or face a three-month vehicle registration suspension. We agree.

Section 1786(a) of the Vehicle Code provides that "[e]very motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility." 75 Pa.C.S. § 1786(a). Section 1786(d)(1) of the Vehicle Code further provides:

> The Department [] shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the [D]epartment determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility.

75 Pa.C.S. § 1786(d)(1). Accordingly, where a lapse in financial responsibility occurs, a three-month suspension of a vehicle registration is mandatory. *See Pray v. Dep't of Transp., Bureau of Motor Vehicles*, 708 A.2d 1315, 1317 (Pa. Cmwlth. 1998).

---

[2] "Our scope of review is limited to determining whether the trial court findings are supported by competent evidence and whether the trial court committed an error of law or abused its discretion." *Greenfield v. Dep't of Transp., Bureau of Motor Vehicles*, 67 A.3d 198, 200 n.6 (Pa. Cmwlth. 2013).

In a vehicle registration suspension case for failure to maintain the required financial responsibility, the Department bears the initial burden to show that: (1) the vehicle is of a type that is required to be registered; and (2) the Department received notice that financial responsibility on the vehicle had been terminated or that the owner or registrant of the vehicle did not provide proof of financial responsibility. *See* 75 Pa. C.S. § 1786(d)(3)(i)-(ii). Satisfaction of this initial burden by the Department creates a presumption that the vehicle lacked the requisite financial responsibility. *See* 75 Pa. C.S. § 1786(d)(3)(ii). An owner or registrant may overcome this presumption by "producing clear and convincing evidence that the vehicle was insured at the time it was driven" or that one of the three defenses set forth in Section 1786(d)(2) of the Vehicle Code is applicable. *Id.*; *see also* 75 Pa. C.S. § 1786(d)(2)(i)-(iii). Section 1786(d)(2)(i) of the Vehicle Code sets forth the only defense of possible relevance in this matter[3] and provides that a vehicle registration should not be suspended where

> [t]he owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

75 Pa.C.S. § 1786(d)(2)(i).

In the instant matter, the Department met its initial burden of proving that the Vehicle was of the type that the Vehicle Code requires to be registered, and

---

[3] The remaining defenses relate to certain members of the armed services and the expiration of seasonal registrations and are inapplicable to the instant matter. *See* Section 1786(d)(2)(ii) & (iii) of the Vehicle Code, 75 Pa.C.S. § 1786(d)(2)(ii) & (iii).

that Nwadike's insurance policy had been terminated for the 68-day period in question. No question exists that a 2011 Honda station wagon is required to be registered in Pennsylvania. Additionally, evidence existed that the Vehicle's insurance policy had been cancelled as of March 23, 2020. As a result, the Department created a presumption that the Vehicle lacked the requisite financial responsibility policy. Nwadike did not overcome this presumption. In fact, Nwadike conceded that the lapse in insurance coverage extended from March 23, 2020, through May 30, 2020, a period of more than 31 days. Therefore, the exception set forth in Section 1786(d)(2)(i) of the Vehicle Code does not apply,[4] and Section 1786 of the Vehicle Code mandates that the Department must impose a three-month suspension of Nwadike's vehicle registration. 75 Pa.C.S. § 1786(d)(1); *Pray*.

The trial court cited the occurrence of the ongoing COVID-19 pandemic as its reason for sustaining Nwadike's appeal while acknowledging that the Department would appeal its determination, stating:

> I understand that [the lapse in Nwadike's insurance exceeded 31 days]. But we are also living through a pandemic.
>
> You know what, I am going to sustain this appeal. I will let the Department appeal me.
>
> . . . .

---

[4] In addition to the exceptions listed in Section 1786(d)(2), the Vehicle Code contains a provision whereby an owner or registrant may avoid a registration suspension by surrendering the vehicle's license plate and registration to the Department, which will reinstate the plate and registration to the owner or registrant at a later date upon receipt of proof of financial responsibility. *See* 75 Pa.C.S. § 1786(g)(2). Additionally, an owner or registrant may avoid a registration suspension by furnishing proof of financial responsibility and paying the Department a civil penalty and a $500 fee. *See* 75 Pa.C.S. § 1786(d)(1.1). We note that Nwadike did not avail himself of either of these options.

> They'll probably appeal me. And this will go round
> and round. But I cannot punish people because of a lapse
> because of this nonsense that's going on.

N.T. at 4, R.R. at 11a. In its opinion filed in response to the Department's Pa. R.A.P. 1925(b) Concise Statement of Errors Complained of On Appeal, the trial court attempted to expand on this COVID-19 reason for sustaining Nwadike's appeal by referring to the orders entered by the Pennsylvania Supreme Court and Governor Wolf in response to the COVID-19 pandemic. *See* Trial Court Opinion dated November 5, 2020, at 2-3 (pagination supplied).

While we appreciate the sentiment in the trial court's determination, in so sustaining Nwadike's appeal the trial court disregarded our holding in *Pray*. By sustaining Nwadike's statutory appeal for this reason, the trial court improperly created an additional exception to the financial responsibility requirements of the Vehicle Code beyond the exceptions listed in the Vehicle Code, based solely on the occurrence of the COVID-19 pandemic. *See* 75 Pa.C.S. § 1786(d)(2). The creation of such an exception was not within the trial court's power. *Pray*; 75 Pa.C.S. § 1786(d)(1).

For these reasons, we must conclude that the trial court committed an error of law and abused its discretion by sustaining Nwadike's appeal.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony N. Nwadike        :
                                :
           v.               :
                                :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Motor Vehicles,      :   No. 796 C.D. 2020
             Appellant    :

O R D E R

AND NOW, this 23rd day of August, 2021, the July 9, 2020 order of the Court of Common Pleas of Allegheny County is REVERSED.

_____
CHRISTINE FIZZANO CANNON, Judge