Terri Lynn PRAY

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 6, 1998.

Decided April 13, 1998.

Barbara A. Darkes, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

No appearance entered for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (DOT) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) granting the statutory appeal of Terri Lynn Pray (Pray) and rescinding DOT's suspension of Pray's vehicle registration. We reverse.

By official notice dated and mailed March 8, 1997, DOT informed Pray that her vehicle registration privilege would be suspended for three months, effective April 12, 1997, pursuant to section 1786 of the Vehicle Code, 75 Pa.C.S. § 1786, because Pray's insurance on her Mitsubishi sedan was terminated on December 20, 1996.[1] Pray filed a timely statutory appeal, and the trial court held a *de novo* hearing on June 2, 1997. At the hearing, Pray admitted that she let her insurance lapse and did not obtain new insurance until March 17, 1997.

■ At the conclusion of the hearing, the trial court entered an order granting Pray's appeal and rescinding DOT's suspension of Pray's vehicle registration.[2] In its opinion, the trial court, quoting *Department of Transportation, Bureau of Driver Licensing v. Marpoe*, 157 Pa.Cmwlth. 603, 630 A.2d 561 (1993), *appeal denied*, 536 Pa. 648, 639 A.2d 34 (1994), stated that once proof of financial responsibility is provided to DOT, along with the required fees, registration will be reissued. Accordingly, because Pray obtained insurance coverage on March 17, 1997, prior to the April 12, 1997 effective date of DOT's suspension of Pray's registration privileges, the trial court granted Pray's appeal and rescinded DOT's suspension of Pray's registration privileges.[3] DOT now appeals to this court.[4]

■ The sole issue before this court is whether a three month suspension imposed

---

1. Keystone Insurance Company notified DOT that Pray's insurance policy was terminated on December 20, 1996.

2. In a challenge to a final order suspending a vehicle registration, DOT has the initial burden of proving: 1) that the vehicle in question is of a type required to be registered in the Commonwealth; and 2) that the required automobile liability insurance has been cancelled or otherwise terminated. *Department of Transp., Bureau of Driver Licensing v. Porter*, 157 Pa.Cmwlth. 645, 630 A.2d 945 (1993). Once DOT has established its prima facia case, the burden shifts to the registrant who must prove that he or she meets one of the exceptions enumerated in subsections

1786(d)(1) or (2) of the Vehicle Code. *Id.* Here, DOT established its prima facia case, and Pray does not dispute this. Additionally, Pray did not argue, and offered no evidence, that she met one of the exceptions.

3. DOT does not dispute that Pray obtained insurance prior to the effective date of the suspension.

4. Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court made an error of law or committed an abuse of discretion. *Dillon v. Department of Transp., Bureau of Driver Licensing*, 679 A.2d 291 (Pa.Cmwlth.1996).

pursuant to section 1786(d) of the Vehicle Code is mandatory or if the suspension terminates immediately when insurance is again acquired on the vehicle. DOT argues that the trial court erred in relying on *Marpoe* because, subsequent to the *Marpoe* decision, the legislature amended section 1786(d) of the Vehicle Code to require the imposition of a three-month registration suspension rather than an indefinite suspension as interpreted in *Marpoe.* We agree.

At the time *Marpoe* was decided, section 1786(d) of the Vehicle Code provided: "**Suspension of registration and operating privileges.**—[DOT] shall suspend the registration of a vehicle if it determines the required financial responsibility was not secured as required by this chapter ...." 75 Pa.C.S. § 1786(d) (amended 1994, 1996). In *Marpoe,* we held that the plain language of section 1786(d) authorized a vehicle registration suspension only until insurance for the vehicle was obtained.

However, in 1994, the legislature amended section 1786(d) to include language requiring a three month suspension of one's vehicle registration privileges when there is a lapse in insurance coverage. Accordingly, section 1786(d) now provides: "**Suspension of registration and operating privileges.**—[DOT] shall suspend the registration of a vehicle *for a period of three months* if it determines the required financial responsibility was not secured as required by this chapter ...." 75 Pa.C.S. § 1786(d) (emphasis added).

Thus, now, the plain language of section 1786(d) requires DOT to suspend the registration of a vehicle for three months if financial responsibility was not secured as required.[5] 75 Pa.C.S. § 1786(d); *Dillon v. Department of Transp., Bureau of Driver Licensing,* 679 A.2d 291 (Pa.Cmwlth.1996). Therefore, we conclude that, pursuant to section 1786(d) of the Vehicle Code, in any case where financial responsibility lapsed, a three month vehicle registration suspension must be imposed even when financial responsibility has been secured either prior to the expiration or the imposition of the suspension.

Accordingly, the trial court committed an error of law when it relied on *Marpoe.* Because the legislature has amended the statute which *Marpoe* interpreted, the statute now requires a result different from *Marpoe,* and we reverse.

### ORDER

AND NOW, this 13th day of April, 1998, the order of the Philadelphia Court of Common Pleas, dated June 2, 1997, is hereby reversed. The suspension imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles is hereby reinstated.

---

5. In *Marpoe,* we pointed out the difference in the language of the statute as it applied to the two separate penalties imposed by section 1786(d). The language pertaining to the suspension of one's vehicle registration stated that DOT had the right to suspend a motorist's registration if he or she fails to maintain financial responsibility; whereas the statute provided that DOT had a right to suspend one's operating privileges *for three months* if one operates one's vehicle, or allows it to be operated, without insurance coverage. DOT attempted to argue that the three month period applied to both penalties. We disagreed, stating that the three month penalty period only applied to the operating privilege. Now, however, section 1786(d) contains a similar three month penalty applicable to the suspension of one's vehicle registration privilege. 75 Pa.C.S. § 1786(d); *see also Dillon.*