**Bobbie BANKS**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 23, 2004.

Decided Aug. 17, 2004.

Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Charles F. Bowers III, Ambridge, for appellee.

BEFORE: SMITH–RIBNER, J., SIMPSON, J., and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

The Pennsylvania Department of Transportation, Bureau of Motor Vehicles (Department) appeals from an order of the Court of Common Pleas of Beaver County (trial court) sustaining the appeal of Bobbie Banks (Banks) from a three-month vehicle registration suspension. We reverse.

The following facts are undisputed. Banks is the owner of a car that was insured by Nationwide Mutual Fire Insurance Company (Nationwide). On May 30, 2003, Nationwide canceled a policy of motor vehicle liability insurance covering Banks' car when she failed to pay the policy premium. On July 15, 2003, the Department sent Banks a financial responsibility inquiry letter notifying Banks that it had been informed by Nationwide that her insurance had been cancelled as of May 30, 2003, and requesting updated financial responsibility information on Banks' car. When no updated insurance information was received, the Department, by official notice dated and mailed October 3, 2003, notified Banks that the registration of her car was being suspended for three months, effective October 5, 2003.

Banks filed an appeal from the suspension with the trial court, and a *de novo* hearing was held on January 27, 2004. The Department submitted into evidence a packet of certified documents, including the information received from Nationwide notifying the Department of the cancellation of Banks' insurance. Banks testified on her own behalf, admitting that Nationwide cancelled her insurance for failure to pay the premium. She also testified that she did not drive the car until she obtained replacement insurance with an effective date of August 7, 2003. However, she confirmed that her car was uninsured from May 30, 2003 to August 7, 2003.

The trial court, by order dated February 3, 2004, sustained Banks' statutory appeal. The trial court noted that Banks did not drive the car while it was uninsured and that the registration suspension would cause a hardship for Banks. The Department's appeal to this Court followed.

■ Our scope of review of a trial court's decision sustaining a motorist's appeal from the suspension of vehicle registration for failure to insure is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court made an error of law or abused its discretion. *Jones v. Dep't of Transportation, Bureau of Motor Vehicles*, 723 A.2d 1090 (Pa. Cmwlth.1999).

The Department contends that the trial court erred by sustaining Banks' appeal where the lapse in financial responsibility lasted longer than 31 days. We agree.

Section 1786 of the Vehicle Code, *as amended*, 75 Pa.C.S. § 1786(a), provides that "[e]very motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility." Section 1786(d)(1), further provides:

> The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility . . . .

In any case of a lapse in financial responsibility in violation of this provision, the three-month registration suspension is mandatory. *Pray v. Dep't of Transportation, Bureau of Motor Vehicles*, 708 A.2d 1315 (Pa.Cmwlth.1998). However, this subsection does not apply when "[t]he owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility." 75 Pa.C.S. § 1786(d)(2)(i). This exception is inapplicable where the lapse in financial responsibility is not within 31 days even if the licensee did not operate the vehicle during the lapse. *Jones v. Dep't of Transportation, Bureau of Motor Vehicles*, 723 A.2d 1090 (Pa.Cmwlth.1999).

In this case, Banks admits that the lapse in insurance coverage lasted from May 30, 2003 to August 7, 2003, longer than 31 days. Therefore, the exception to the three-month registration suspension does not apply, and imposition of a three-month suspension is mandated by Section 1786 of the Vehicle Code.

In sustaining Banks' appeal, the trial court further found that Banks would suffer hardship from the suspension of her vehicle registration. Similarly, Banks argues that her situation falls within the "spirit of the law," and that the trial court "considered the equities and ruled accordingly." However, Pennsylvania law has long warned courts against substituting their own discretion in place of the requirements of law. In *Dep't of Transportation, Bureau of Traffic Safety v. McCartney*, 2 Pa.Cmwlth. 540, 279 A.2d 77, 80 (1971), this Court stated:

> It is an erroneous concept that under the guise of a *de novo* hearing, a Common Pleas court can not only examine the facts of a case to determine whether the appellant actually deserves his suspension, but can additionally modify the suspension period promulgated by the Secretary. Knowing this full well, some lower courts, as this one here, simply reverse the suspension altogether. To do so, or to modify the suspension, infringes upon the discretion vested in the Secretary and amounts to a manifest abuse of discretion . . . . Thus, the Supreme Court in *Commonwealth v. Moogerman*, 385 Pa. 256, 259, 122 A.2d 804, 806 (1956) has said, 'The decision of the County Court in the case at bar, if unreversed, would tend to give ballast to the unsubstantiated notion that the Courts may be called upon to function as ex officio pardon boards to mitigate the penalties which the Legislature empow-

ered the Secretary of [Transportation] to impose under given conditions.'

The Supreme Court in *Moogerman* observed that "the Courts of Common Pleas are not boards of clemency; they are strictly courts of law; they are bound by rules of legal procedure and their decisions must be founded on firm jurisprudence, not fluctuating policy.... Courts interpret and expound laws; they do not lay down policies." *Moogerman,* 385 Pa. 256, 259–60, 122 A.2d 804, 806 (1956).

This principle is especially relevant to vehicle registration suspensions pursuant to section 1786 of the Vehicle Code because the legislature specifically mandates a three-month suspension for lapses in financial responsibility lasting longer than 31 days. Moreover, the legislature specifically limits the discretion of the trial court to whether:

(i) the vehicle is registered or of a type that is required to be registered under this title; and

(ii) there has been either notice to the department of a lapse, termination or cancellation in the financial responsibility coverage as required by law for that vehicle or that the owner, registrant or driver was requested to provide proof of financial responsibility to the department, a police officer or another driver and failed to do so....

Section 1786 of the Vehicle Code, 75 Pa. C.S. § 1786(d)(3).

This is not a case where the trial court has discretion to consider the hardship and other equitable factors involved. A three-month suspension is mandatory. Therefore, the trial court erred in sustaining Banks' appeal.

Accordingly, the order of the trial court is reversed.

*ORDER*

AND NOW, this 17th day of August, 2004, the order of the Court of Common Pleas of Beaver County in the above-captioned matter is hereby reversed, and the three-month suspension of Bobbie Banks' vehicle registration is hereby reinstated.