Joan A. FAGAN

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 7, 2005.

Decided March 22, 2005.

Publication Ordered June 10, 2005.

**1196**

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: McGINLEY, J., and SMITH–RIBNER, J., and JIULIANTE, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The Department of Transportation, Bureau of Motor Vehicles (Department) appeals from an order of the Court of Common Pleas of Delaware County that sustained the appeal of Joan Fagan from a suspension of her vehicle registration pursuant to Section 1786(d) of the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. § 1786(d), for failure to maintain financial responsibility coverage. The Department maintains that the trial court erred by exceeding its scope of review when the Department's evidence established that coverage on the vehicle had lapsed and when Fagan's only defense was an attempt to prove that her insurance policy had been improperly terminated. Fagan was pre-

cluded from filing a brief in this matter by order dated December 27, 2004.

Effective November 18, 2003, the Progressive Halcyon Insurance Company (Progressive) rescinded an automobile insurance policy that it issued to Fagan. Progressive notified the Department, and by notice mailed February 10, 2004 the Department informed Fagan that her vehicle registration was being suspended for three months beginning on March 16, as mandated by Section 1786(d) of the MVFRL. Fagan appealed to the trial court, which held hearings on June 8 and July 6, 2004. Fagan appeared *pro se* and submitted documentary evidence and testimony, and the Department submitted certified documents establishing that it had satisfied the statutory requirements for imposing a registration suspension.

The trial court found that Fagan purchased her automobile on November 18, 2003, arranging with Progressive to have insurance issued effective that day or the next day. The initial premium payment of $123.83 was to be made electronically by direct debit of her bank account, but the bank did not honor the payment request. By notice issued December 9, 2003 Progressive informed Fagan that the insurance policy was being rescinded effective November 18, 2003 for failure to pay the initial premium. Fagan called Progressive and was advised by an unidentified person that if she sent a check for $123.83 the insurance policy would remain in effect. Fagan forwarded a check, but on December 20, 2003 Progressive issued a refund check for $123.83, apparently maintaining that the policy remained rescinded. Thereafter, Fagan obtained coverage

through American Independent Insurance Company, effective January 29, 2004, and she testified that after talking to Progressive she did not think that her policy had been canceled.

■ By order dated July 7, 2004, the trial court sustained Fagan's appeal and rescinded the suspension. The trial court concluded that the Progressive representative had orally rescinded the cancellation notice and that the refund of Fagan's premium payment did not constitute a cancellation because Progressive did not issue a second cancellation notice in accordance with Section 2006 of The Insurance Company Law of 1921, Act of May 17, 1921, P.L. 682, *as amended,* added by Section 1 of the Act of June 17, 1998, P.L. 464, 40 P.S. § 991.2006. Citing *Beitler v. Department of Transportation, Bureau of Motor Vehicles,* 811 A.2d 30 (Pa.Cmwlth.2002), and *Cain v. Department of Transportation, Bureau of Motor Vehicles,* 811 A.2d 38 (Pa.Cmwlth.2002), the trial court acknowledged that while challenges to an insurer's actions must be presented to the Department of Insurance, the fact that Progressive had failed to issue the required cancellation notice meant that by operation of law the purported cancellation was ineffective and that there was no factual or legal basis for suspending her registration.[1] On appeal the Department argues that it satisfied its statutory burden of establishing that Fagan's automobile was registered and that the Department received notice that her financial responsibility coverage for that vehicle was terminated; that Fagan failed to rebut the Department's case by showing by clear and convincing evidence that her automobile

1. Commonwealth Court's review of a trial court order sustaining a statutory appeal from a suspension of registration is limited to determining whether the necessary findings of fact are supported by substantial evidence

and whether the court committed a reversible error of law or abused its discretion. *Hinds v. Department of Transportation, Bureau of Motor Vehicles,* 740 A.2d 1217 (Pa.Cmwlth. 1999).

remained insured at all relevant times; and that in any case the trial court exceeded its scope of review by allowing Fagan to advance the claim that her insurance policy was improperly terminated, a claim that may only be pursued before the Department of Insurance.

In a suspension of registration case arising under Section 1786 of the MVFRL, the Department has the initial burden of showing that a registrant's vehicle is registered or is a type of vehicle that must be registered and that the Department received notice that the registrant's financial responsibility coverage was terminated. 75 Pa.C.S. § 1786(d)(3). The Department may satisfy this burden by certifying its receipt of documents or of an electronic transmission from an insurance company stating that a registrant's financial responsibility coverage has been terminated. Section 1377(b)(2) of the Vehicle Code, 75 Pa.C.S. § 1377(b)(2). When submitted, the foregoing evidence (1) constitutes *prima facie* proof that the termination of an insurance policy was effective under the laws of the Commonwealth and (2) creates a presumption that the licensee's vehicle lacked the required financial responsibility coverage. *Id.;* 75 Pa.C.S. § 1786(d)(3)(ii). The presumption that a vehicle lacked required insurance coverage may be overcome by presenting "clear and convincing evidence that the vehicle was insured at all relevant times." § 1786(d)(3)(ii). When an appeal from a registration suspension is filed in a court of common pleas, the court's review is limited to examining those factors listed in 75 Pa.C.S. § 1786(d)(3)(i) and (ii), *i.e.,* whether the registrant's vehicle is registered or is the type of vehicle that must be registered and whether the Department received notice of the termination of insurance coverage.

It is undisputed that the Department's evidence constituted *prima facie* proof

that termination of Fagan's coverage was effective and that it created a presumption that Fagan's vehicle lacked the required coverage. The Court would next consider whether Fagan presented the clear and convincing evidence necessary to overcome the presumption. However, the more fundamental question, as the Department asserts, is whether the trial court exceeded its statutory scope of review by allowing the defense of improper termination of an insurance policy, based on Fagan's testimony that a Progressive representative informed her that the policy would remain in effect if she forwarded the required premium payment.

In addition to the limited scope of review set forth in Section 1786(d)(3) of the MVFRL, Section 1786(d)(5) provides:

An alleged lapse, cancellation or termination of a policy of insurance by an insurer may only be challenged by requesting review by the Insurance Commissioner pursuant to Article XX of the act of May 17, 1921 (P.L. 682, No. 284), known as The Insurance Company Law of 1921. Proof that a timely request has been made to the Insurance Commissioner for such a review shall act as a supersedeas, staying the suspension of registration or operating privilege under this section pending a determination pursuant to section 2009(a) of The Insurance Company Law of 1921 or, in the event that further review at a hearing is requested by either party, a final order pursuant to section 2009(i) of The Insurance Company Law of 1921.

The foregoing section plainly applies to Fagan's appeal, and, reading this in conjunction with Section 1786(d)(3), the Court must conclude that the trial court erred when it permitted Fagan to raise the defense of improper policy termination in a registration suspension proceeding. The trial court's opinion does not specifically

acknowledge Section 1786(d)(5), instead citing to this Court's decisions in *Beitler* and *Cain* for the proposition that when an insurer fails to send notice of cancellation the coverage continues by operation of law and therefore there is no factual or legal basis for a suspension. The trial court failed to note that Section 1786(d)(5) was added to the MVFRL after this Court decided *Beitler* and *Cain*, and while the cited principles remain valid, the statutory amendments mandate that a defense alleging improper lapse, cancellation or termination of an insurance policy must be brought before the Department of Insurance.[2]

 Assuming *arguendo* that the trial court did not exceed its scope of review, this Court would be compelled to reverse nonetheless. Fagan failed to produce "clear and convincing evidence that the vehicle was insured at all relevant times," as was required to overcome the statutory presumption. 75 Pa.C.S. § 1786(d)(3)(ii). Clear and convincing evidence is defined as "testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Matter of Larsen*, 532 Pa. 326, 332, 616 A.2d 529, 532 (1992) (quoting *Matter of Chiovero*, 524 Pa. 181, 187, 570 A.2d 57, 60 (1990)). Whether testimony meets the clear and convincing evidence standard is a question of law, and testimony may be substantial evidence yet fail to meet the more stringent standard. *See Pulice v. State Ethics Commission*, 713 A.2d 161 (Pa.Cmwlth.1998).

The trial court based its decision on Fagan's testimony that she was informed by a Progressive representative that her coverage would remain in effect if she forwarded a check for $123.83. However,

Fagan could not provide the person's name or position, and her testimony is thus uncorroborated. Fagan had received previously a rescission notice specifically stating that the policy could not be reinstated, and Progressive refunded the $123.83 payment that Fagan sent after the rescission notice. Viewed in its totality, Fagan's testimony does not meet the strict evidentiary standard required to overcome the statutory presumption created by the Department's evidence. Accordingly, the order of the trial court is reversed.

### *ORDER*

AND NOW, this 22nd day of March, 2005, the order of the Court of Common Pleas of Delaware County is hereby reversed.

---

**2.** Sections 1786(d)(3) and (d)(5) were added to the MVFRL by Section 6.7 of the Act of December 9, 2002, P.L. 1278, effective sixty days after enactment.