### Tammy E. GREENFIELD

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 28, 2013.
Decided May 28, 2013.

---

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellant.

BEFORE: PELLEGRINI, President Judge, BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (Bureau) appeals [1] from the September 19, 2012 order of the Court of Common Pleas of Lackawanna County (trial court) sustaining the statutory appeal filed by Tammy E. Greenfield (Greenfield) from a three-month suspension of her vehicle registration imposed by the Bureau pursuant to section 1786(d) of the Vehicle Code, 75 Pa.C.S. § 1786(d).[2]

Victoria Fire and Casualty Company cancelled a policy of liability insurance for Greenfield's 2009 Kia station wagon on May 14, 2012, due to nonpayment of the premium, and reported the termination of coverage to the Bureau. In a letter dated May 26, 2012, the Bureau informed Greenfield that it had received notice of the cancellation and requested updated information regarding the status of her insur-

---

1. By order dated March 25, 2013, Greenfield was precluded from filing a brief in this matter after failing to comply with this Court's February 19, 2013 order directing her to do so within 14 days.

2. Section 1786(d) of the Vehicle Code states that the Bureau shall suspend the registration of a vehicle for a period of three months if it determines that financial responsibility was not secured as required by Chapter 17 of the Vehicle Code.

ance. (Reproduced Record (R.R.) at 19a.) Thereafter, by notice mailed July 12, 2012, the Bureau advised Greenfield that, as a consequence of her failure to maintain financial responsibility, the registration of her vehicle was being suspended for a period of three months, effective August 16, 2012, pursuant to section 1786(d) of the Vehicle Code.[3] (R.R. at 15a.)

Greenfield filed a statutory appeal with the trial court, which held a *de novo* hearing on September 19, 2012.[4] The Bureau presented certified documents reflecting that the insurance on Greenfield's vehicle had been cancelled on May 14, 2012. Greenfield admitted that her insurance had been terminated on that date. Greenfield testified that she had given money to her husband to pay the insurance premiums. She said that she did not learn that her husband had not made payment until after he went to jail on June 25th and she received the Bureau's letter informing her that her registration would be suspended. Greenfield stated that she immediately obtained insurance, and she submitted evidence of an automobile insurance policy effective July 3, 2012.[5] Finally, responding to the trial court's questions, Greenfield stated that she lived at 1172 Cole Road, Montrose, Pennsylvania, with her parents, and she clarified that the co-owner of her vehicle was her father, not her spouse.

Following the brief hearing, the trial court reversed the registration suspension, noting that Greenfield "presented documentary evidence of the reinstatement of financial responsibility insurance on the vehicle at issue within 30 days of the date she received notice of the cancellation...." (R.R. at 12a, 23a.)

On appeal to this Court,[6] the Bureau argues that the trial court erred in sustaining Greenfield's appeal on that basis. We agree.

Section 1786(a) of the Vehicle Code provides that "every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility." 75 Pa.C.S. § 1786(a). Section 1786(d) of the Code further provides:

(1) The Department of Transportation *shall suspend the registration* of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or per-

---

3. Both notices were addressed to Greenfield and Glenn Franklin Weaver, her father, at 1002 Prospect Avenue, Scranton, Pennsylvania.

4. On appeal from a vehicle registration suspension, the Bureau has the initial burden of proving that the vehicle in question is of a type required to be registered in the Commonwealth and that the required automobile liability insurance has been cancelled or otherwise terminated. *Pray v. Department of Transportation, Bureau of Motor Vehicles*, 708 A.2d 1315, 1316 n. 2 (Pa.Cmwlth.1998). Once the Bureau establishes its *prima facie* case, the burden shifts to the registrant to

prove that he or she meets one of the exceptions provided in subsection 1786(d)(2) of the Vehicle Code. *Id.*

5. The insurance card reflected Greenfield's address as 1172 Cole Road, Montrose, Pennsylvania.

6. Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law or abused its discretion. *Banks v. Department of Transportation, Bureau of Motor Vehicles*, 856 A.2d 294, 295 (Pa.Cmwlth.2004).

mitted the operation of the vehicle without the required financial responsibility....

75 Pa.C.S. § 1786(d)(1) (emphasis added). Accordingly, in any case of a lapse in financial responsibility in violation of this provision, a three-month registration suspension is mandatory. *Pray v. Department of Motor Vehicles, Bureau of Driver Licensing,* 708 A.2d 1315 (Pa.Cmwlth. 1998). This subsection does not apply when the owner or registrant proves that "the lapse of financial responsibility coverage was for a period of less than 31 days *and* that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse...." Section 1786(d)(2)(i) of the Vehicle Code, 75 Pa.C.S. § 1786(d)(2)(i) (emphasis added).[7] However, if the duration of the lapse in financial responsibility is not less than 31 days, a registration suspension "must be imposed even when financial responsibility has been secured either prior to the expiration or the imposition of the suspension." *Pray,* 708 A.2d at 1317.

█ In this case, Greenfield conceded that the lapse in insurance coverage extended from May 14, 2012 to July 3, 2012, a period of more than 31 days, and the record reflects that no exception to the mandatory three-month registration suspension applies. In sustaining Greenfield's appeal, the trial court cited evidence that Greenfield secured insurance coverage within 30 days of the date she received notice of the cancellation. In doing so, the trial court disregarded our holding in *Pray.* Presumably, the trial court determined that Greenfield was without fault and/or would suffer some hardship from the suspension of her vehicle registration and ruled accordingly. However, we have repeatedly held that the statutory scheme is clear and does not allow the trial court to resort to an equitable remedy. *Banks v. Department of Transportation, Bureau of Motor Vehicles,* 856 A.2d 294 (Pa. Cmwlth.2004).

In *Banks,* appellant Bobbie Banks appealed the three-month suspension of her vehicle registration imposed by the Bureau under section 1786 of the Vehicle Code. During the *de novo* hearing, Banks acknowledged that the liability insurance covering her vehicle had been cancelled when she failed to pay the policy premium and that her vehicle was uninsured from May 30, 2003, to August 7, 2003. Although the lapse of coverage was longer than 31 days, the trial court sustained Banks' appeal noting that Banks did not drive her car while it was uninsured and that the registration suspension would cause her hardship. On further appeal, this Court reversed. First, citing *Pray,* we emphasized that the exception set forth in section 1786(d)(2)(i) is not applicable where the lapse in financial responsibility is not within 31 days. We further explained that a trial court lacks discretion to sustain an appeal of a vehicle registration suspension under section 1786 based on hardship or other equitable factors:

> It is an erroneous concept that under the guise of a *de novo* hearing, a common pleas court can not only examine the facts of a case to determine whether the appellant actually deserves his suspension, but can additionally modify the suspension period promulgated by the Secretary. Knowing this full well, some lower courts, as this one here, simply reverse the suspension altogether. To do so, or to modify the suspension, infringes upon the discretion vested in the

---

7. *See also* sections 1786(d)(2)(ii) and (iii) of the Vehicle Code, 75 Pa.C.S. § 1786(d)(2)(ii), (iii) (related to certain members of the armed services and expiration of seasonal registrations).

Secretary and amounts to a manifest abuse of discretion.... Thus, the Supreme Court in *Commonwealth v. Moogerman*, 385 Pa. 256, 259, 122 A.2d 804, 806 (1956) has said, 'The decision of the County Court in the case at bar, if unreversed, would tend to give ballast to the unsubstantiated notion that Courts may be called upon to mitigate the penalties which the Legislature empowered the Secretary of [Transportation] to impose under given conditions.'

*Banks*, 856 A.2d at 296–97 (quoting *Department of Transportation v. McCartney*, 2 Pa.Cmwlth. 540, 279 A.2d 77, 80 (1971)). We also noted our Supreme Court's observation in *Moogerman* that "the Courts of Common Pleas are not boards of clemency; they are strictly courts of law; they are bound by rules of legal procedure and their decisions must be founded on firm jurisprudence, not fluctuating policy.... Courts interpret and expound laws; they do not lay down policies." *Banks*, 856 A.2d at 297 (quoting *Moogerman*, 385 Pa. at 259–60, 122 A.2d at 806). We concluded in *Banks* that these principles are "especially relevant to vehicle registration suspensions pursuant to section 1786 of the Vehicle Code because the legislature specifically mandates a three-month suspension for lapses in financial responsibility lasting longer than 31 days." *Banks*, 856 A.2d at 296–97. Finally, we observed that the Vehicle Code expressly limits the trial court's discretion:

> The court's scope of review in an appeal from a vehicle registration suspension *shall be limited to determining whether:*
>
> (i) the vehicle is registered or of a type that is required to be registered under this title; and
>
> (ii) there has been either notice to the department of a lapse, termination or cancellation in the financial responsibility coverage as required by law for that vehicle or that the owner, registrant or driver was requested to provide proof of financial responsibility to the department, a police office or another driver and failed to do so....

75 Pa.C.S. § 1786(d)(3) (emphasis added).

While we acknowledge that strict application of the mandatory registration suspension provisions of section 1786 will inevitably create hardship, it is now well-settled that courts have no discretion to decide such matters based on equitable considerations. Instead, our decisions, like those of the courts of common pleas, "must be founded on firm jurisprudence." *Banks*, 856 A.2d at 297 (quoting *Moogerman*, 385 Pa. at 259–60, 122 A.2d at 806).

Thus, in accordance with well-established precedent, we must reverse the trial court's order and reinstate Greenfield's three-month registration suspension.

### *ORDER*

AND NOW, this 28th day of May, 2013, the order of the Court of Common Pleas of Lackawanna County, dated September 19, 2012, is hereby reversed.