IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jessica Carpenter            :
                                   :
             v.                  :    No. 190 C.D. 2016
                                   :    Submitted: October 14, 2016
Commonwealth of Pennsylvania,    :
Department of Transportation,     :
Bureau of Motor Vehicles,         :
                Appellant      :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: December 2, 2016

The Department of Transportation, Bureau of Motor Vehicles (PennDOT) appeals an order of the Court of Common Pleas of Lackawanna County (trial court) sustaining the statutory appeal filed by Jessica Carpenter from a three-month suspension of her vehicle registration. Because the trial court erred in sustaining Carpenter's appeal on grounds of equity, we reverse.

On September 18, 2015, GEICO Indemnity Company (GEICO) cancelled an insurance policy on Carpenter's Jeep Station Wagon and reported the termination of coverage to PennDOT. In a letter dated September 29, 2015, PennDOT informed Carpenter that it had received notice of the policy's cancellation and requested updated information regarding the status of her insurance. Reproduced Record at 24a (R.R. __). Thereafter, by notice mailed November 15, 2015, PennDOT advised Carpenter that, as a consequence of her failure to maintain financial responsibility, the registration of her vehicle would be

suspended for three months, effective December 20, 2015, pursuant to Section 1786(d) of the Vehicle Code, 75 Pa. C.S. §1786(d). PennDOT also advised Carpenter that in lieu of serving the three-month suspension, she could pay a civil penalty in the amount of $500, along with a restoration fee in the amount of $88 pursuant to Section 1786(d)(1.1) of the Vehicle Code. 75 Pa. C.S. §1786(d)(1.1).[1] Carpenter filed a statutory appeal, and the trial court held a hearing.

At the hearing, PennDOT presented certified documents showing that the insurance on Carpenter's vehicle had been canceled on September 18, 2015. Carpenter conceded that her insurance had lapsed and testified that she obtained new insurance "34 days after ... the lapse of insurance .... It was an honest mistake." N.T., 1/20/2016, at 4; R.R. 16a. Carpenter explained that she was a single mother with two children and a full time job. She lacked the funds to cover the fine and could not be without a vehicle for three months. Further, she had shown proof of her new insurance to PennDOT. PennDOT responded that the effective date of the new insurance policy was October 23, 2015, five days beyond the 31-day statutory grace period.[2] In response to PennDOT, the trial court stated

---

[1] It states:

> In lieu of serving a registration suspension imposed under this section, an owner or registrant may pay to the department a civil penalty of $500, the restoration fee prescribed under section 1960 and furnish proof of financial responsibility in a manner determined by the department. An owner or registrant may exercise this option no more than once in a 12-month period.

75 Pa. C.S. §1786(d)(1.1).

[2] Section 1786(d)(2)(i) of the Vehicle Code provides an exception to the registration suspension:

> This subsection shall not apply in the following circumstances:
>> (i) the owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant

**(Footnote continued on the next page . . .)**

2

that "we are going to give [Carpenter] the benefit of the doubt under these circumstances." R.R. at 17a.

On January 22, 2016, the trial court issued an order sustaining Carpenter's appeal and directing reinstatement of her registration. After receiving notice of PennDOT's appeal, the trial court issued an opinion stating that although

> Carpenter conceded that she obtained insurance five days beyond the statutory requirement …, [she] made every effort to maintain insurance on her vehicle once she realized her insurance lapsed. She maintained insurance prior to her November 25, 2015 appeal and prior to the January 20, 2016 hearing.

Trial Court opinion at 3; R.R. 34a (internal citation omitted). The trial court found that PennDOT failed to prove that Carpenter drove her vehicle during the five-day period of lapse. The trial court further found that, being a single mother with two children, Carpenter "lack[ed] the financial resources to pay PennDOT's fines or maintain her full-time employment and family obligations without her vehicle registration." *Id.* PennDOT now appeals to this Court.[3]

On appeal, PennDOT argues that the trial court erred in sustaining Carpenter's appeal because the court misconstrued the burden of proof,

---

**(continued . . .)**
> did not operate or permit the operation of the vehicle during the
> period of lapse in financial responsibility.

75 Pa. C.S. §1786(d)(2)(i).

[3] Our review determines whether the trial court's findings are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *Greenfield v. Department of Transportation, Bureau of Motor Vehicles*, 67 A.3d 198, 200 n.6 (Pa. Cmwlth. 2013).

misinterpreted the relevant Vehicle Code exception and cited equitable reasons in reaching its holding.[4] We are forced to agree.

Section 1786(a) of the Vehicle Code provides that "[e]very motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility." 75 Pa. C.S. §1786(a). Section 1786(d) further provides that "[t]he Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter…." 75 Pa. C.S. §1786(d)(1). This subsection does not apply when the owner or registrant proves "to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility." 75 Pa. C.S. §1786(d)(2)(i). If the duration of the lapse in financial responsibility is not less than 31 days, however, a three-month vehicle registration suspension "must be imposed even when financial responsibility has been secured either prior to the expiration or the imposition of the suspension." *Greenfield v. Department of Transportation, Bureau of Motor Vehicles*, 67 A.3d 198, 201 (Pa. Cmwlth. 2013) (quoting *Pray v. Department of Transportation, Bureau of Motor Vehicles*, 708 A.2d 1315, 1317 (Pa. Cmwlth. 1998)).

The Department has the initial burden of showing that a registrant's vehicle is registered or is a type that is required to be registered, and that the

---

[4] By order dated October 7, 2016, Carpenter was precluded from filing a brief in this matter after failing to comply with this Court's September 6, 2016, order directing her to do so within 14 days.

4

Department received notice that the registrant's financial responsibility coverage was terminated. *Deklinski v. Department of Transportation, Bureau of Motor Vehicles*, 938 A.2d 1191, 1194 (Pa. Cmwlth. 2007); 75 Pa. C.S. §1786(d)(3). The Department makes its *prima facie* case by certifying its receipt of documentation or an electronic transmission from an insurance company stating that a registrant's financial responsibility coverage was terminated. *Deklinski*, 938 A.2d at 1194 (citing 75 Pa. C.S. §1377(b)(2)). Once the Department satisfies its burden of proof, a presumption arises that the vehicle lacked the requisite financial responsibility. The burden then shifts to the registrant to overcome the presumption by producing clear and convincing evidence that the vehicle was insured. 75 Pa. C.S. §1786(d)(3)(ii).

Here, PennDOT established its *prima facie* case that Carpenter's financial responsibility coverage lapsed. PennDOT provided a certified notice showing that GEICO cancelled Carpenter's insurance policy on September 18, 2015. The burden then shifted to Carpenter to overcome the presumption of lack of financial responsibility by clear and convincing evidence. Carpenter did not produce any evidence that her vehicle was insured at all times; rather, she conceded that she did not secure her new insurance until 34 days after GEICO's termination, which is beyond the 31-day statutory grace period. Therefore, the three-month registration suspension was mandatory. The fact that Carpenter later secured financial responsibility coverage is irrelevant. As discussed, the suspension must be imposed even when financial responsibility has been secured prior to the imposition of the suspension. *Greenfield*, 67 A.3d at 201.

In sustaining Carpenter's appeal, the trial court found that PennDOT failed to prove that Carpenter drove her vehicle during the period of lapse. This

was error. The statute does not impose such a burden on PennDOT. Rather, under Section 1786(d)(2)(i), it is the owner or registrant who bears the burden to show that (1) the lapse in financial responsibility coverage was less than 31 days *and* (2) the owner or registrant did not operate the vehicle during the period of lapse in financial responsibility. 75 Pa. C.S. §1786(d)(2)(i). Here, Carpenter did not secure her new insurance within the 31-day grace period. Therefore, Section 1786(d)(2)(i) does not apply.

Despite Carpenter's acknowledgement that she violated the statute, the trial court also considered the equities and her hardship when it sustained her appeal. The statutory scheme, however, does not allow the trial court to resort to such consideration. The Vehicle Code expressly limits the trial court's discretion:

> The court's scope of review in an appeal from a vehicle registration suspension *shall* be limited to determining whether:
>
> (i) The vehicle is registered or of a type that is required to be registered under this title; and
>
> (ii) There has been either notice to the department of a lapse, termination or cancelation in the financial responsibility coverage as required by law for that vehicle or that the owner, registrant or driver was requested to provide proof of financial responsibility to the department, a police officer or another driver and failed to do so.

75 Pa. C.S. §1786(d)(3) (emphasis added). Further, this Court has repeatedly held that a trial court lacks discretion to sustain an appeal of a vehicle registration suspension under Section 1786 based on hardship or other equitable factors. As this Court observed in *Greenfield*:

6

> While we acknowledge that strict application of the mandatory registration suspension provisions of section 1786 will inevitably create hardship, it is now well-settled that courts have no discretion to decide such matters based on equitable considerations. Instead, our decisions, like those of the courts of common pleas, "must be founded on firm jurisprudence."

*Greenfield*, 67 A.3d at 202 (quoting *Banks v. Department of Transportation, Bureau of Motor Vehicles*, 856 A.2d 294, 297 (Pa. Cmwlth. 2004)). Because the statute must be strictly construed, the trial court could not consider Carpenter's "good faith efforts" at compliance or her financial hardships. Trial Court opinion at 3; R.R. 34a.

When insurance on a vehicle has lapsed for 31 days, the consequence is a three-month suspension or payment of a civil penalty of $500. 75 Pa. C.S. §1786(d)(1.1). The legislature has not given the judiciary the discretion to waive this consequence where it would be unduly harsh.[5] Accordingly, we are constrained to reverse the trial court's order and reinstate Carpenter's three-month registration suspension.

_____
MARY HANNAH LEAVITT, President Judge

---

[5] By contrast, PennDOT has prosecutorial discretion not to pursue every violation of the Vehicle Code.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jessica Carpenter                          :
                                           :
            v.                             :     No. 190 C.D. 2016
                                           :
Commonwealth of Pennsylvania,              :
Department of Transportation,              :
Bureau of Motor Vehicles,                  :
                   Appellant               :

# **O R D E R**

AND NOW, this 2nd day of December, 2016, it is hereby ORDERED that the order of the Court of Common Pleas of Lackawanna County, dated January 22, 2016, in the above-captioned case is hereby REVERSED.

_____
MARY HANNAH LEAVITT, President Judge