IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mia Hill                  :
                                   :
        v.               :
                                   :
Commonwealth of Pennsylvania,  :
Department of Transportation,    :
Bureau of Motor Vehicles,       :   No. 102 C.D. 2024
                 Appellant    :   Submitted: August 8, 2025

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE STACY WALLACE, Judge

OPINION
BY JUDGE FIZZANO CANNON             FILED: September 16, 2025

The Department of Transportation, Bureau of Motor Vehicles (DOT) appeals from the January 4, 2024 order (Trial Court Order) of the Court of Common Pleas of Westmoreland County (Trial Court) that sustained the appeal of Mia Hill (Appellee) from a three-month vehicle registration suspension imposed by DOT pursuant to the requirements of Section 1786(d) of the Motor Vehicle Financial Responsibility Law (MVFRL),[1] 75 Pa.C.S. § 1786(d), as a result of Appellee's failure to maintain required financial responsibility for her vehicle. Upon review, we reverse.

At the end of July 2023, Appellee purchased a 2017 Ford sedan (Vehicle). *See* Statement of the Court Issued Pursuant to Pa.R.A.P. 1925(a) filed June 18, 2024 (Trial Court Opinion) at 2, Reproduced Record (R.R.) at 75a; *see also* Notes of Testimony, January 4, 2024 (N.T.) at 2, R.R. at 17a. Appellee insured with

---

[1] 75 Pa.C.S. §§ 1701-1799.7.

Root Insurance Company (Root), which terminated the policy on August 11, 2023. *See* Trial Court Opinion at 2, R.R. at 75a; *see also* N.T. at 3-4, R.R. at 18a-19a; DOT Official Notice of Suspension mailed October 7, 2023 (Suspension Notice), R.R. at 5a-6a.

On October 7, 2023, after receiving notice from Root of the August 11, 2023 cancellation of the insurance policy that covered the Vehicle, DOT sent Appellee notification that the Vehicle's registration would be suspended for three months pursuant to Section 1786(d) of the MVFRL. *See* Suspension Notice, R.R. at 5a-6a. Appellee appealed to the Trial Court (Suspension Appeal).[2]

The Trial Court conducted a hearing on the Suspension Appeal on January 4, 2024. *See generally* N.T., R.R. at 15a-41a; *see also* Trial Court Opinion at 2, R.R. at 75a. At the hearing, DOT entered into evidence a certified packet of documents that illustrated that Root had cancelled the Vehicle's insurance policy on August 11, 2023. *See* N.T. at 2, R.R. at 17a; *see also* R.R. at 32a-40a; Trial Court Opinion at 2, R.R. at 75a. Appellee testified regarding the difficulties she experienced in obtaining the Root policy and in obtaining a replacement insurance policy once Root had cancelled the Vehicle's insurance. *See* N.T. at 3-10, R.R. at 18a-25a; *see also* Trial Court Opinion at 2-3, R.R. at 75a-76a. She explained that Root cancelled the Vehicle's insurance policy for reasons concerning her driving record and that, thereafter, other companies either would not offer her a policy quote

---

[2] Appellee filed an entry of appearance in the Trial Court on November 8, 2023. *See* Entry of Appearance Pursuant to Pa.R.Civ.P. 1930.8 (Entry of Appearance), R.R. at 7a. The Trial Court treated the Entry of Appearance as a request to appeal *nunc pro tunc* and granted Appellee permission to appeal by order entered November 17, 2023. *See* Trial Court Order entered November 8, 2023, R.R. at 8a; Trial Court Order entered November 17, 2023, R.R. at 9a. Appellee then filed Appellee's Appeal on November 17, 2023. *See* Petition for Appeal from the Order of the Director of the Bureau of Traffic Safety Suspending Vehicle Registration, R.R. at 10a-12a.

or offered price quotations for replacement policies that were cost-prohibitive. *See* N.T. at 3 & 6-8, R.R. at 18a & 21a-23a, *see also* Trial Court Opinion at 2-3, R.R. at 75a-76a. Appellee conceded that she did not have an insurance policy that covered the Vehicle from August 11, 2023, through October 10, 2023, but explained that she did not drive the Vehicle during that time.[3] *See* N.T. at 5 & 7-10, R.R. at 20a & 22a-25a; *see also* Trial Court Opinion at 2-3, R.R. at 75a-76a.

Ultimately, the Trial Court sustained Appellee's Appeal, explaining on the record:

> I'm going to grant the appeal. I'm going to indicate at this time on the record the reason for that is that I'm satisfied that [Appellee] was in a circumstance and also in the market that wouldn't allow her to get coverage within thirty days that typically is available under the statute. She was dealing with a – with an insurance agency, multiple different companies, an agency for multiple different companies, and she was unable to obtain coverage for the vehicle. She tells me here that she has not operated the vehicle without insurance. But the requirement of having insurance was unavailable to her because of market conditions and I think it behooves the Commonwealth in one of it's [sic] arms, the legislative arm, to get circumstances where people can, at least, afford coverage in order to operate a motor vehicle if that's required of them. We'll go from there.

N.T. at 12-13, R.R. at 27a-28a. The Trial Court memorialized its decision sustaining the Suspension Appeal in the Trial Court Order, also dated January 4, 2024. *See* Trial Court Order, R.R. at 42a.

---

[3] Appellee explained that she used the Uber ride share service as her transportation to and from work during this time period. *See* N.T. at 10, R.R. at 25a; Trial Court Opinion at 3, R.R. at 76a.

DOT timely appealed to this Court.[4] *See* Notice of Appeal, R.R. at 43a-49a. The Trial Court ordered DOT to file a statement of errors complained of on appeal, and DOT complied by filing its Concise Statement of Errors Complained of On Appeal (Statement of Errors) on April 25, 2024.[5] *See* Order of Court dated February 5, 2024, R.R. at 50a-53a; Statement of Errors, R.R. at 68a-73a.

On appeal, DOT claims that the Trial Court erred by sustaining the Suspension Appeal. *See* DOT's Br. at 10-17. Specifically, DOT argues that the Trial Court improperly sustained the Suspension Appeal because DOT put forth evidence at the hearing that satisfied its *prima facie* burden for a registration suspension and that Appellee failed to rebut its proof. *See id.* We agree.

Section 1786(a) of the MVFRL requires that "[e]very motor vehicle of the type required to be registered under th[e MVFRL] which is operated or currently registered shall be covered by financial responsibility." 75 Pa.C.S. § 1786(a). Section 1786 also provides, in pertinent part, that:

---

[4] On review, this Court determines whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law or abused its discretion. *See Greenfield v. Dep't of Transp., Bureau of Motor Vehicles*, 67 A.3d 198, 200 n.6 (Pa. Cmwlth. 2013) (citing *Banks v. Dep't of Transp., Bureau of Motor Vehicles*, 856 A.2d 294, 295 (Pa. Cmwlth. 2004)).

[5] The Trial Court ordered DOT to file its Statement of Errors within 21 days by order dated February 5, 2024 (1925(b) Order). *See* Order of Court dated February 5, 2024, R.R. at 50a-53a. The Trial Court then filed its "Statement of the Court Issued Pursuant to Pa.R.A.P. 1925(a)" on March 26, 2024 (First Trial Court Opinion), wherein the Trial Court concluded that DOT had waived all issues for appeal by failing to comply with the 1925(b) Order. *See* First Trial Court Opinion, R.R. at 54a-57a. DOT then filed a Motion to File Concise Statement of Errors Complained of On Appeal *Nunc Pro Tunc* (NPT Motion), which the Trial Court granted by order dated April 4, 2024 (NPT Order). *See* NPT Motion, R.R. at 58a-66a; NPT Order, R.R. at 67a. DOT then filed its Statement of Errors on April 25, 2024. *See* Statement of Errors, R.R. at 68a-73a.

4

[DOT] shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if [DOT] determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid.

75 Pa.C.S. § 1786(d)(1). On appeal from a registration suspension, a trial court's review is limited to determining, first, whether the vehicle is registered or of a type that is required to be registered under the MVFRL; and, second, whether DOT has received notice from an insurer of a lapse, termination, or cancellation of financial responsibility coverage for the vehicle. *See* 75 Pa.C.S. § 1786(d)(3)(i) & (ii). Thus, this Court has explained the appeal process for registration suspension cases as follows:

> "In a suspension of registration case," such as the present one, "[DOT] has the initial burden of showing that a registrant's vehicle is registered or is a type of vehicle that must be registered and that [DOT] received notice that the registrant's financial responsibility coverage was terminated." *Fagan v. Dep[']t of Transp., Bureau of Motor Vehicles,* 875 A.2d 1195, 1198 (Pa. Cmwlth. 2005) (citing 75 Pa.C.S. § 1786(d)(3)). Statutory authority provides that "[*DOT's*] **certification** *of its receipt* of documents or electronic transmission from an insurance company informing [DOT] that the person's coverage has lapsed, been canceled or terminated *shall also constitute prima facie proof*" of such termination. 75 Pa.C.S. § 1377(b)(2) (emphasis added); *accord Fagan*, 875 A.2d at 1198 ("[DOT] may satisfy this burden by certifying its receipt of documents or of an electronic transmission from

an insurance company stating that a registrant's financial responsibility coverage has been terminated.").

If [DOT] meets its burden, a presumption arises that the registrant lacked the necessary financial responsibility coverage. *Fagan*, 875 A.2d at 1198. The registrant may rebut this presumption by presenting clear and convincing evidence of record "that financial responsibility was continuously maintained on the vehicle as required by Section 1786(a) of the MVFRL, 75 Pa.C.S. § 1786(a), or that the vehicle owner fits within one of the three statutorily defined defenses outlined in Section 1786(d)(2)(i-iii)[6]. . . ." *Fell v. Dep[']t of Transp., Bureau*

---

[6] Section 1786(d)(2) provides:

(2) Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore or transfer the registration until the suspension has been served or the civil penalty has been paid to the department and the vehicle owner furnishes proof of financial responsibility in a manner determined by the department and submits an application for registration to the department, accompanied by the fee for restoration of registration provided by section 1960. This subsection shall not apply in the following circumstances:

(i) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

(ii) The owner or registrant is a member of the armed services of the United States, the owner or registrant has previously had the financial responsibility required by this chapter, financial responsibility had lapsed while the owner or registrant was on temporary, emergency duty and the vehicle was not operated during the period of lapse in financial responsibility. The exemption granted by this paragraph shall continue for 30 days after the owner or

6

> *of Motor Vehicles,* 925 A.2d 232, 237-38 (Pa. Cmwlth.
> 2007) (en banc) (footnote omitted).

*Deklinski v. Dep't of Transp.*, *Bureau of Motor Vehicles*, 938 A.2d 1191, 1194 (Pa. Cmwlth. 2007).

Here, DOT provided documents certifying that it received notice from Root that Appellee's insurance coverage for the Vehicle had been canceled or terminated. Thus, DOT satisfied its *prima facie* burden of proof at the hearing before the Trial Court. The burden then shifted to Appellee to prove that she continuously maintained insurance coverage for the Vehicle or that she qualified for one of the Section 1786(d)(2)(i)-(iii) defenses. Appellee failed to provide any evidence, much less clear and convincing evidence, of either continuously maintained insurance or an entitlement to one of the statutory defenses. *See* N.T. at 3-10, R.R. at 18a-25a. On the contrary, Appellee admitted that Root cancelled the policy of insurance that covered the Vehicle on August 11, 2023, and that she was unable to obtain replacement coverage until October of 2023, a period that exceeded 31 days. *See id.* To excuse her from the registration suspension, Appellee offered equitable arguments including her difficulty in finding affordable automobile insurance and

---

registrant returns from duty as long as the vehicle is not operated until the required financial responsibility has been established.

(iii) The insurance coverage has terminated or financial responsibility has lapsed simultaneously with or subsequent to expiration of a seasonal registration, as provided in section 1307(a.1) (relating to period of registration).

75 Pa.C.S. § 1786(d)(2). As discussed herein, Appellee did not prove that any of these defenses apply to the instant matter.

the hardships that would be visited upon her if she had been forced to purchase insurance outside her means, given the various challenges she faces in her personal life. *See id.*

Although it originally sustained the Suspension Appeal based on equitable considerations, in the Trial Court Opinion, the Trial Court ultimately agreed with DOT's argument, reversing its position and concluding as follows:

> [U]pon review of the [] Statement of Errors [] that was filed by [DOT] and for the aforementioned reasons, it appears that the instant appeal of this Court's January 4, 2024 decision should be granted. This Court granted [Appellee's] registration suspension appeal because she was unable to obtain coverage for the [V]ehicle despite her best efforts. However, as previously stated, this Court is unable to consider hardship or other equitable factors in sustaining an appeal of a vehicle registration suspension under [S]ection 1786.

Trial Court Opinion at 8, R.R. at 81a. We agree with the Trial Court's conclusion.

This Court has "repeatedly held that the statutory scheme is clear and does not allow the trial court to resort to an equitable remedy." *Greenfield v. Dep't of Transp., Bureau of Motor Vehicles*, 67 A.3d 198, 201 (Pa. Cmwlth. 2013) (citing *Banks v. Dep't of Transp., Bureau of Motor Vehicles*, 856 A.2d 294 (Pa. Cmwlth. 2004)). We have explained that,

> [w]hile we acknowledge that strict application of the mandatory registration suspension provisions of section 1786 will inevitably create hardship, it is now well-settled that courts have no discretion to decide such matters based on equitable considerations. Instead, our decisions, like those of the courts of common pleas, must be founded on firm jurisprudence.

*Greenfield*, 67 A.3d at 202 (internal quotation marks and citation omitted). Therefore, Appellee was not entitled to have her appeal sustained based on equitable considerations. Instead, here, where DOT met its *prima facie* burden to justify the registration suspension and Appellee failed to rebut DOT's evidence with anything other than equitable arguments, the Trial Court erred by sustaining the Suspension Appeal.[7]

For the above reasons, we find that the Trial Court erred by sustaining the Suspension Appeal. Accordingly, we reverse the Trial Court Order and reinstate the three-month vehicle registration suspension.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[7] While we appreciate her financial difficulties, we observe that Appellee can still avoid the 3-month vehicle registration suspension by complying with the Section 1786(d)(1.1), which allows registrants, once in a 12-month period, to avoid the 3-month registration suspension by providing proof of insurance and paying a $500 civil penalty. *See* 75 Pa.C.S. § 1786(d)(1.1).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mia Hill                                    :

                           :

                v.                   :

                           :

Commonwealth of Pennsylvania,    :

Department of Transportation,     :

Bureau of Motor Vehicles,        :    No. 102 C.D. 2024

                  Appellant    :

# **O R D E R**

AND NOW, this 16th day of September, 2025, the January 4, 2024 order of the Court of Common Pleas of Westmoreland County is REVERSED, and the three-month suspension of Mia Hill's vehicle registration is REINSTATED.

                                _____

                                CHRISTINE FIZZANO CANNON, Judge