IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sudharsan Parthasarathy                    :
                                           : No. 2562 C.D. 2015
                    v.                      : Submitted: July 15, 2016
                                           :
Commonwealth of Pennsylvania,              :
Department of Transportation,              :
Bureau of Motor Vehicles,                  :
                                           :
                    Appellant              :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION
BY SENIOR JUDGE FRIEDMAN                    FILED:  September 29, 2016


          The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Motor Vehicles (DOT) appeals from the November 12, 2015, order of the Court of Common Pleas of Chester County (trial court) sustaining the appeal of Sudharsan Parthasarathy from the three-month suspension of his vehicle registration imposed pursuant to section 1786(d)(1) of the Vehicle Code (Code), 75 Pa. C.S. §1786(d)(1).[1]  We reverse.[2]

_____

          [1] Section 1786(d)(1) of the Code provides:

          **(d) Suspension of registration and operating privilege.**—

                    (1) The Department of Transportation shall suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege

**(Footnote continued on next page…)**

On July 30, 2015, Government Employees Insurance Company (GEICO) terminated Parthasarathy's vehicle insurance policy on his 2011 Honda CRV for nonpayment. (Ex. C-1, Item No. 2.) By notice mailed August 11, 2015, DOT notified Parthasarathy that GEICO had informed DOT of the termination of Parthasarathy's vehicle insurance policy and that Parthasarathy's vehicle registration would be suspended for three months unless he provided proof of vehicle insurance within 30 days of the policy's termination on July 30, 2015. (*Id.*, Item No. 4.) On September 22, 2015, DOT notified Parthasarathy that his vehicle registration was being suspended for a period of three months, effective October 27, 2015. (*Id.*, Item No. 1.) Thereafter, Parthasarathy filed a timely petition for review with the trial court.

On November 12, 2015, the trial court held a *de novo* hearing on the matter. DOT offered into evidence a packet of certified documents, including GEICO's transmission to DOT indicating that GEICO had terminated Parthasarathy's vehicle insurance policy. (N.T., 11/12/15, at 3; Ex. C-1, Item No.

---

**(continued…)**

of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid.

75 Pa. C.S. §1786(d)(1).

[2] This court precluded Parthasarathy from filing a brief by order dated July 8, 2016.

2.)  The trial court admitted the packet of certified documents without objection. (N.T., 11/12/15, at 3.)

Parthasarathy testified that he was in India from June 18, 2015, to September 4, 2015, during which time the vehicle in question was not operated. (*Id.* at 4.)  Parthasarathy testified that while he was in India, "I had no access to any correspondence, and any attempts to contact and process payment to my insurance company was denied because my credit cards were not being accepted." (*Id.*)  Parthasarathy further testified that when he returned from India, he "did the necessary payment and registration procedure" and his vehicle insurance was reinstated on September 9, 2015.  (*Id.* at 4-5.)

The trial judge asked Parthasarathy if he was aware that, under section 1786(d)(1.1) of the Code, 75 Pa. C.S. §1786(d)(1.1),[3] he could pay a $500 civil penalty in lieu of serving a suspension period.  (*Id.* at 7.)  Parthasarathy testified that he was aware of that option but indicated that he could not pay the civil penalty because he was in "a difficult financial position."  (*Id.*)

_____

[3] Section 1786(d)(1.1) of the Code provides:

> In lieu of serving a registration suspension imposed under this section, an owner or registrant may pay to the department a civil penalty of $500, the restoration fee prescribed under section 1960 and furnish proof of financial responsibility in a manner determined by the department.  An owner or registrant may exercise this option no more than once in a 12–month period.

75 Pa. C.S. §1786(d)(1.1).

3

DOT's counsel argued that although section 1786(d)(2)(i) of the Code, 75 Pa. C.S. §1786(d)(2)(i), provides a registrant "a 30-day window where [DOT] will accept new insurance as long as you have not operated the vehicle," Parthasarathy did not reinstate his vehicle insurance until "more than a week past the 30 days." (*Id.* at 6.) However, the trial judge stated that Parthasarathy's deviation from section 1786(d)(2)(i) of the Code was "*de minimis.*" (*Id.* at 8.) By order dated November 12, 2015, the trial court sustained Parthasarathy's appeal and rescinded DOT's three-month suspension of Parthasarathy's vehicle registration.

On December 10, 2015, DOT filed a timely notice of appeal with this court.[4] In its Pa. R.A.P. 1925(a) opinion, the trial court stated that Parthasarathy was unable to reinstate his vehicle insurance while in India but did so "[a]s soon as he returned to the United States." (Trial Ct. Op. at 2.) The trial court also stated:

> The interest of [DOT] in seeing to it that the registration of vehicles is suspended is such that no suspension will occur if the owner or registrant of the vehicle instead pays the sum of FIVE HUNDRED and 00/100 ($500.00) DOLLARS. In our view, if a vehicle owner can buy his or her way out of a registration suspension . . ., then the actions of the petitioner in this case are sufficient to demonstrate substantial compliance with the law.

(*Id.*)

---

[4] "Our scope of review . . . is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court made an error of law or abused its discretion." *Banks v. Department of Transportation, Bureau of Motor Vehicles*, 856 A.2d 294, 295 (Pa. Cmwlth. 2004).

4

DOT argues that the trial court erred in sustaining Parthasarathy's appeal on the grounds that Parthasarathy's 41-day lapse in insurance coverage was *de minimis* and that Parthasarathy was in "substantial compliance" with the Code. We agree.

In vehicle registration suspension cases arising under section 1786 of the Code, DOT bears the initial burden of proving:  "'(1) that the vehicle in question is of a type required to be registered in the Commonwealth; and (2) that the required automobile liability insurance has been cancelled or otherwise terminated.'"  *Fell v. Department of Transportation, Bureau of Motor Vehicles*, 925 A.2d 232, 237 (Pa. Cmwlth. 2007) (*en banc*) (citation omitted).  DOT may satisfy this burden by certifying its receipt of documents or electronic transmissions from the registrant's insurance company informing DOT that the registrant's vehicle insurance was terminated.  *Id.*  The burden then shifts to the vehicle owner to "prove that financial responsibility was continuously maintained on the vehicle . . . or that the vehicle owner fits within one of the three statutorily defined defenses outlined in Section 1786(d)(2)(i-iii) of the [Code], 75 Pa. C.S. §1786(d)(2)(i-iii)."  *Id.* at 237-38.  The relevant exception in section 1786(d)(2)(i) of the Code provides:

> (i) The owner or registrant proves to the satisfaction of [DOT] that the lapse in financial responsibility coverage was for *a period of less than 31 days* and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.

75 Pa. C.S. §1786(d)(2)(i) (emphasis added).

5

In *Banks v. Department of Transportation, Bureau of Motor Vehicles*, 856 A.2d 294, 297 (Pa. Cmwlth. 2004) (citation omitted), this court stated:

> "[T]he [c]ourts of [c]ommon [p]leas are not boards of clemency; they are strictly courts of law; they are bound by rules of legal procedure and their decisions must be founded on firm jurisprudence . . . ." This principle is especially relevant to vehicle registration suspensions pursuant to section 1786 of the Vehicle Code because the legislature specifically mandates a three-month suspension for lapses in financial responsibility lasting longer than 31 days.

The courts of common pleas do not have discretion to sustain a registrant's appeal of a vehicle registration suspension "based on hardship or other equitable factors." *Greenfield v. Department of Transportation, Bureau of Motor Vehicles*, 67 A.3d 198, 201 (Pa. Cmwlth. 2013).

Here, DOT satisfied its burden by offering into evidence certified documents establishing that Parthasarathy's vehicle was required to be registered in the Commonwealth and that GEICO had terminated Parthasarathy's vehicle insurance policy. The burden then shifted to Parthasarathy. Parthasarathy acknowledged that he did not maintain an insurance policy on the vehicle between July 30, 2015, and September 9, 2015, a total of 41 days. Because the lapse in Parthasarathy's vehicle insurance policy was more than 31 days, Parthasarathy did not satisfy the exception at section 1786(d)(2)(i) of the Code. Therefore, Parthasarathy failed to satisfy his burden.

6

Nevertheless, the trial court stated that Parthasarathy's delay in reinstating his vehicle insurance was *de minimis* and that he was in "substantial compliance with the law." (Trial Ct. Op. at 2.) In reaching this conclusion, the trial court reasoned that Parthasarathy was unable to reinstate his vehicle insurance while in India but did so as soon as he returned to the United States.[5] However, the trial court did not have the discretion to sustain Parthasarathy's appeal based on the concepts of *de minimis* deviation and substantial compliance because section 1786(d)(2)(i) of the Code explicitly limits the provision's application to lapses in vehicle insurance for "less than 31 days." 75 Pa. C.S. §1786(d)(2)(i). Here, the lapse was 41 days. Therefore, the trial court erred in sustaining Parthasarathy's appeal.

Accordingly, we reverse.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[5] In its opinion, the trial court noted that, pursuant to section 1786(d)(1.1) of the Code, Parthasarathy had the option of paying a $500 civil penalty in lieu of serving the suspension. (Trial Ct. Op. at 2.) However, because Parthasarathy asserted that he financially could not afford to pay the civil penalty, this provision was unavailable to him.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sudharsan Parthasarathy            :
                                   : No. 2562 C.D. 2015
            v.                     :
                                   :
Commonwealth of Pennsylvania,      :
Department of Transportation,      :
Bureau of Motor Vehicles,          :
                                   :
            Appellant              :


O R D E R


AND NOW, this 29th day of September, 2016, we hereby reverse the November 12, 2015, order of the Court of Common Pleas of Chester County.


_____
ROCHELLE S. FRIEDMAN, Senior Judge