IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Garman and     :
Alexandra Garman      :
             :
   v.        :  No. 1257 C.D. 2024
             :
Commonwealth of Pennsylvania,  :  Submitted: March 3, 2026
Department of Transportation,   :
Bureau of Motor Vehicles,    :
      Appellant   :

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE STELLA M. TSAI, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY JUDGE McCULLOUGH       FILED: April 6, 2026

    Appellant, the Pennsylvania Department of Transportation (PennDOT) appeals from the order entered in the Court of Common Pleas of Huntingdon County (trial court) on August 20, 2024, which sustained the statutory appeal filed by Matthew and Alexandra Garman (Appellees) and rescinded the three-month suspension of their vehicle registration pursuant to Section 1786(d)(1) of the Vehicle Code (Code), 75 Pa.C.S. § 1786(d)(1).[1]  PennDOT contends the trial court erred by sustaining Appellees' appeal where they failed to produce evidence rebutting the *prima facie* case established by PennDOT supporting the suspension.  The trial court has filed an opinion in which it advises that, upon further consideration of its ruling, it now agrees

---

[1] This section of the Code mandates a three-month registration suspension upon PennDOT's determination that the required financial responsibility for the vehicle was not secured.  75 Pa.C.S. § 1786(d)(1).

with PennDOT's position and requests that we reverse its order. After careful review, we reverse and reinstate Appellees' three-month suspension.

## Background

The relevant facts and procedural history of this case are as follows. On May 30, 2024, PennDOT suspended Appellees' registration privilege on their 2019 Jeep station wagon after USAA General Indemnity Company (USAA) notified PennDOT that the motor vehicle liability insurance policy covering their vehicle had terminated on April 18, 2024, for nonpayment of premiums. (Reproduced Record (R.R.) at 5a.) Appellees filed an appeal in the trial court, which held a hearing on the matter on August 20, 2024. During his testimony, Mr. Garman explained that he lost the debit card he used to make the insurance payments, and that he mistakenly believed the payment was made via autopay. (R.R. at 10a.) Mr. Garman acknowledged that the insurance coverage for the vehicle was not reinstated until May 20, 2024. *Id.* At the conclusion of the hearing, the trial court entered its order sustaining the appeal and rescinding Appellees' registration suspension, based on its determination that Mr. Garman credibly testified he missed a payment because of the debit card issue. (R.R. at 11a.) This appeal followed.

On September 25, 2024, PennDOT filed a Concise Statement of Errors Complained of on Appeal, contending that it met its *prima facie* burden of proof under Section 1786(d) of the Code for the three-month suspension, and that because Appellees failed to offer any evidence to rebut its proof, the trial court erred in sustaining their statutory appeal. *See* Pa.R.A.P. 1925(b); *see also* R.R. at 31a. The trial court entered an opinion on November 22, 2024, in which it indicated that upon further review of the record and applicable caselaw, it erred in sustaining Appellees' registration suspension appeal. In doing so it explained, "the court can only conclude

2

that [its previous] finding was erroneous, as a total of thirty-two days passed between the cancellation and reinstatement of insurance coverage on [A]ppellees' vehicle." (R.R. at 36a.) Accordingly, the trial court requested that this Court reverse its order and reinstate Appellees' registration suspension. (R.R. at 37a.)[2]

## Analysis

On appeal, PennDOT argues that it satisfied its *prima facie* burden of proof by submitting evidence to the trial court demonstrating that Appellees' liability insurance policy had been terminated, and Appellees failed to offer clear and convincing evidence to rebut this *prima facie* proof under Section 1786 of the Code. PennDOT further maintains that although Mr. Garman testified that he missed a USAA payment because his debit card was lost, the trial court lacked discretion to sustain the appeal based on hardship or other equitable factors. (PennDOT's Br., at 9-15.)[3]

We begin by observing that Section 1786(a) of the Code addresses vehicle registration and provides, "every motor vehicle of the type required to be registered under this title which is operated or currently registered shall be covered by financial responsibility." 75 Pa.C.S. § 1786(a). Section 1786(d)(1) of the Code further provides:

> (1) [PennDOT] **shall** suspend the registration of a vehicle for a period of three months if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has

---

[2] Appellees have not filed a brief in this Court.

[3] On appeal from a vehicle registration suspension, our review is limited to determining "whether the trial court's findings are supported by competent evidence and whether the trial court committed an error of law or abused its discretion." *Hill v. Department of Transportation, Bureau of Motor Vehicles*, 344 A.3d 1167, 1170 n.4 (Pa. Cmwlth. 2025).

3

operated or permitted the operation of the vehicle without the required financial responsibility. . . .

75 Pa.C.S. § 1786(d)(1) (emphasis added). "Accordingly, in any case of a lapse in financial responsibility in violation of this provision, a three-month registration suspension is mandatory," unless the registrant establishes the applicability of one of the three statutorily defined defenses. *Greenfield v. Department of Transportation, Bureau of Motor Vehicles*, 67 A.3d 198, 201 (Pa. Cmwlth. 2013). These defenses are narrow in scope and provide:

> (i) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 31 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility.
>
> (ii) The owner or registrant is a member of the armed services of the United States, the owner or registrant has previously had the financial responsibility required by this chapter, financial responsibility had lapsed while the owner or registrant was on temporary, emergency duty and the vehicle was not operated during the period of lapse in financial responsibility. . . .
>
> (iii) The insurance coverage has terminated or financial responsibility has lapsed simultaneously with or subsequent to expiration of a seasonal registration, as provided in section 1307(a.1) (relating to period of registration).

75 Pa.C.S. § 1786(d)(2)(i-iii).[4]

In a suspension of registration case, "[PennDOT] has the initial burden of showing that a registrant's vehicle is registered or is a type of vehicle that must be

---

[4] We note that these three defenses are not at issue in this case, because Appellees did not raise any of the defenses before the trial court. Instead, Mr. Garman's testimony solely focused on his debit card issue. With respect to the defense listed at Section 1786(d)(2)(i), there is no evidence in the record indicating that Appellees did not drive their vehicle during the relevant time period.

registered and that the [PennDOT] received notice that the registrant's financial responsibility coverage was terminated." *Deklinski v. Department of Transportation, Bureau of Motor Vehicles*, 938 A.2d 1191, 1194 (Pa. Cmwlth. 2007). Section 1786(d)(3) of the Code provides a statutory right to appeal a suspension and states in pertinent part:

> (3) An owner whose vehicle registration has been suspended under this subsection shall have the same right of appeal under section 1377 (relating to judicial review) as provided for in cases of the suspension of vehicle registration for other purposes. The filing of the appeal shall act as a supersedeas, and the suspension shall not be imposed until determination of the matter as provided in section 1377. **The court's scope of review in an appeal from a vehicle registration suspension shall be limited to determining whether**:
>
> (i) the vehicle is registered or of a type that is required to be registered under this title; and
>
> (ii) there has been either notice to the department of a lapse, termination or cancellation in the financial responsibility coverage as required by law for that vehicle or that the owner, registrant or driver was requested to provide proof of financial responsibility to the department, a police officer or another driver and failed to do so. **Notice to the department of the lapse, termination or cancellation or the failure to provide the requested proof of financial responsibility shall create a presumption that the vehicle lacked the requisite financial responsibility. This presumption may be overcome by producing clear and convincing evidence that the vehicle was insured at all relevant times.**

75 Pa.C.S. § 1786(d)(3)(i), (ii) (emphasis added).

The Code additionally provides that PennDOT may establish a *prima facie* case by introducing evidence of "certification of its receipt of documents or electronic transmission from an insurance company informing [it] that the person's coverage has

5

lapsed, been canceled or terminated[.]" 75 Pa.C.S. § 1377(b)(2). If PennDOT satisfies its burden of proof, "a presumption arises that the registrant lacked the necessary financial responsibility coverage." *Deklinski*, 938 A.2d at 1194. "The registrant may rebut this presumption by presenting clear and convincing evidence of record that financial responsibility was continuously maintained on the vehicle as required by Section 1786(a) of the [Code], 75 Pa.C.S. § 1786(a), or that the vehicle owner fits within one of the three statutorily defined defenses outlined in Section 1786(d)(2)(i-iii)[.]" *Id.* Clear and convincing evidence is defined as "testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Fagan v. Department of Transportation, Bureau of Motor Vehicles*, 875 A.2d 1195, 1199 (Pa. Cmwlth. 2005). "Whether testimony meets the clear and convincing evidence standard is a question of law, and testimony may be substantial evidence yet fail to meet the more stringent standard." *Id.*

With respect to the compulsory nature of the suspension, "this Court has repeatedly held that the statutory scheme is clear and does not allow the trial court to resort to an equitable remedy." *Hill*, 344 A.3d at 1172. We have acknowledged that although "strict application of the mandatory registration suspension provisions of section 1786 will inevitably create hardship, it is now well-settled that courts have no discretion to decide such matters based on equitable considerations." *Greenfield*, 67 A.3d at 202; *see also Parthasarathy v. Commonwealth*, 148 A.3d 492, 495-96 (Pa. Cmwlth. 2016) (citing *Greenfield* in determining that the trial court did not have the discretion to sustain the registrant's appeal based on equitable considerations where the registrant was unable to reinstate his vehicle insurance while in India, but did so as

6

soon as he returned to the United States). This Court's decisions must instead be founded on firm jurisprudence. *Id*.

In *Hill*, the registrant appealed from a three-month vehicle registration suspension imposed by PennDOT because of her failure to maintain required financial responsibility for her vehicle. *Hill*, 344 A.3d at 1168. During the trial court proceedings, the registrant offered equitable arguments to excuse her from the suspension, including her difficulty in finding affordable vehicle insurance and the hardships that she would face if required to purchase vehicle insurance outside of her financial means. *Id.* at 1172. Although the trial court originally sustained the registrant's appeal based on equitable considerations, the court reversed its position upon further consideration, explaining in its Rule 1925(a) opinion that it had erroneously ruled in favor of the registrant based on hardship and other equitable factors. On appeal, this Court reinstated the three-month vehicle registration suspension based on the well-settled principle that "courts have no discretion to decide such matters based on equitable considerations." *Id.*

Here, PennDOT satisfied its burden to establish a *prima facie* case by offering into evidence certified documents reflecting that Appellees' vehicle was required to be registered in the Commonwealth and that USAA terminated their vehicle insurance policy on April 18, 2024. The burden then shifted to Appellees to produce clear and convincing evidence that their vehicle was insured at all relevant times, or that one of the limited statutory defenses applied in this case. *See* 75 Pa.C.S. § 1786(d)(3)(ii). At trial, Mr. Garman testified that his insurance coverage lapsed because of an autopay issue with his debit card. However, he also acknowledged that USAA terminated his coverage on April 18, 2024, and that his insurance was not reinstated until May 20, 2024. Thus, while Mr. Garman did provide an explanation for

7

the insurance payment lapse, his testimony did not constitute "clear and convincing evidence that the vehicle was insured at all relevant times," nor does it establish that any of the three narrow statutory defenses applied. *See* 75 Pa.C.S. § 1786(d)(3)(ii). Therefore, we agree with the trial court that Appellees failed to meet their evidentiary burden under the Code.

In reaching this conclusion, we emphasize the compulsory nature of the registration suspension provision, and we reiterate that although its application may create hardship for Appellees, we have no discretion to decide the issue before us based on equitable considerations. *See Hill*, 344 A.3d at 1172. Accordingly, we reverse the trial court's order and reinstate Appellees' registration suspension.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Matthew Garman and : 
Alexandra Garman : 
  : 
v. : No. 1257 C.D. 2024
  : 
Commonwealth of Pennsylvania, : 
Department of Transportation, : 
Bureau of Motor Vehicles, : 
                 Appellant : 

## ***ORDER***

AND NOW, this 6th day of April, 2026, the order entered by the Court of Common Pleas of Huntingdon County on August 20, 2024, is hereby REVERSED, and the registration suspension imposed on Matthew Garman and Alexandra Garman by the Commonwealth of Pennsylvania Department of Transportation, Bureau of Motor Vehicles is reinstated.

_____
PATRICIA A. McCULLOUGH, Judge